UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YVES MATIEU,<br><br>                Plaintiff,<br><br>vs.<br><br><br>THE CITY OF NEW YORK, THE NEW YORK POLICE DEPARTMENT, AND POLICE OFFICERS O'BRIEN (TAX ID 937549), GREGORY J. MCNAMARA (TAX ID 953091), LT. JOHN J. EGAN (TAX ID 930093), AND JOHN AND JANE DOES #1-10, individually and in their official capacities,<br><br>                Defendants. | Civil Case No.<br><br>Complaint and Jury Demand |

Plaintiff YVES MATIEU, by and through his attorneys, The Aboushi Law Firm, PLLC, as and for his Complaint, allege as follows:

<u>Preliminary Statement</u>

1. On November 4, 2020, Plaintiff was peacefully and lawfully protesting police brutality on the South East Corner of Leroy Street and 7th Avenue South when he was struck by Defendant Officers herein and thrown to the ground. Plaintiff was punched repeatedly in the face by Defendant Officers and sustained numerous injuries, including a black and blue eye, injury to his facial piercing, and significant and permanent emotion distress.

<u>I. Jurisdiction and Venue</u>

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as at least one of the Defendants resides in

this district and a substantial part of the events and/or omissions were committed in this district.

5. Plaintiff asserts the following claims pursuant to the United States Constitution, New York Constitution, Section 42 U.S.C.§ 1983, New York State law, as well as common law.

6. Plaintiff served a complete and timely notice of claim.

7. Plaintiff appeared as a GML Section 50-H hearing.

8. Plaintiff complied with all requirements of GML 50.

9. Plaintiff satisfied all conditions required to file this claim.

## II. Parties

10. Plaintiff YVES MATIEU is a resident of the City of New York, Kings County, and State of New York.

11. Upon information and belief, Defendant Police Officer O'BRIEN (Tax ID 937549) is a resident of New York, a police officer and agent for the NYPD and City of New York, and at all times was acting within his official capacity as a police officer, including but not limited to, taking action as a police officer, in uniform, while displaying a gun and a badge.

12. Upon information and belief, Defendant Police Officer GREGORY J. MCNAMARA (Tax ID 953091) is a resident of New York, a police officer and agent for the NYPD and City of New York, and at all times was acting within his official capacity as a police officer, including but not limited to, taking action as a police officer, in uniform, while displaying a gun and a badge.

13. Upon information and belief, Defendant Police Lieutenant JOHN J. EGAN (Tax ID 930093) is a resident of New York, a police officer and agent for the NYPD and City of New York, and at all times was acting within his official capacity as a police officer,

including but not limited to, taking action as a police officer, in uniform, while displaying a gun and a badge.

14. At all times herein, Defendant City of New York was and is a municipal entity created pursuant to the laws of the State of New York. Defendant City of New York operates and maintains the New York City Police Department ("NYPD"). The NYPD is an agency, arm and extension of the City of New York. Defendant City of New York and NYPD are the employers of the Defendant Officers and liable for their conduct.

15. At all relevant times the Defendant Officers were acting under color of State Law, including acting as police officers for the City of New York. Defendants were acting within the scope of their employment as police officers and agents for the City of New York when they engaged in the conduct described herein.

16. Officers and individuals John and Jane Does 1-10, are named individually and in their official capacity as Officials and/or Police Officers ("Defendant Police Officers" or "Officer(s)") and were at all relevant times acting under the color of state law as Police Officers. These officers engaged in conduct that violated Plaintiff's rights, but whose identities are not yet known.

17. Defendant Police Officers are being sued in their individual and official capacities, as well as agents and employees of the City of New York.

18. Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the unconstitutional policies, practices and/or customs complained of herein, and/or condoned, acquiesced in, adopted, and/or approved of the same, through their acts and/or failures to act, as set forth more fully below.

19. At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

20. At all relevant times, the officer-defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

21. As an initial matter, there was no reason to use any force against Plaintiff.

22. Plaintiff was peacefully protesting, as is his Constitutional right to do, and was subject to unlawful and unwarranted force and arrest.

23. Furthermore, the violation of the Plaintiff's rights were a direct result of the policies practices and procedures of Defendants City.

24. All of the wrongful acts or omissions complained of herein were carried out by the individual named and unnamed police officer defendants pursuant to: (a) formal policies, rules and procedures of Defendant City; (b) actions and decisions by Defendant City's policymaking agents; (c) customs, practices, and usage of the NYPD that are so widespread and pervasive as to constitute de facto policies accepted, encouraged, condoned, ratified, sanctioned, and/or enforced by Defendant City, and other policymaking officials; (d) Defendant City's deliberate indifference to Plaintiffs' rights secured by the First, Fourth, and Fourteenth Amendments of the United States Constitution, as evidenced by the City's failures, and the failures of the City's policymaking agents, to train, supervise, and discipline NYPD officers, despite full knowledge of the officers' wrongful acts, as described herein.

## II. Facts

25. Protests against police violence erupted across the nation after the May 25, 2020 police killing of George Floyd, and there were loud demands for police accountability and support for the Black Lives Matter movement.

26. Plaintiff was peacefully and lawfully protesting at the corner of Leroy Street and 7th Avenue South on November 4, 2020 when Claimant was struck by Defendant Officers named herein and others known to the City/NYPD and thrown to the ground.

27. Plaintiff was punched repeatedly in the face by Defendant Officers named herein and others known to the City/NYPD as well as other officers at the scene, and sustained numerous injuries, including but not limited to, a black and blue eye, an injury to a facial piercing, significant and permanent emotional distress.

28. Other police officers were standing nearby but did nothing to help Plaintiff or stop the named Police Officers, including Defendant Police Officer McNamara, Officer O'Brien, Lt. Egan, and other officers from continuing to punch Plaintiff.

29. Plaintiff was arrested and detained despite his lawful and peaceful presence prior to the assault and subsequent arrest.

30. The conduct complained of herein was the result of the acts and omissions of the individual Defendants, and Defendant City of New York and its policy making agents.

31. As an initial matter, there was no justification for any force used against Plaintiff.

32. Plaintiff was peacefully protesting, as is his Constitutional right to do, and was also subjected to unlawful and unwarranted force and arrest.

33. Furthermore, the violation of the Plaintiff's rights was a direct result of the policies, practices and procedures of Defendant City, and other policymaking agents.

34. Defendant City has policies, rules, and procedures that gave rise to the misconduct of the individually named and unnamed Defendant-officers complained of herein.

35. The NYPD engaged in a pattern and practice of using violence against protestors that was encouraged, sanctioned and enforced by Defendant City and other policymaking officials.

36. Defendant City failed to train, supervise, and discipline NYPD officers, despite full knowledge of the officers' misconduct.

37. The wrongful acts or omissions complained of herein are a direct result of Defendant City's deliberate indifference to Plaintiff's constitutional rights afforded by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

38. The City and its policy makers undertook a policy, custom, and practice of meeting peaceful protests with violence and brutality in an effort to curb lawful demonstrations and retaliate against those calling for police accountability.

39. Additionally, the City and its policy makers failed to train NYPD officers in the appropriate way to address peaceful protesters, including the Plaintiffs.

40. This worrisome conduct by the City of New York and the NYPD is compounded by the fact that its police officers have no fear of getting reprimanded for their improper or excessive use of force.

41. The predictable result of the City's failure to train their officers and interject in the brutality of protesters directly caused the violation of Plaintiff's right to protest, assemble, as well as be his rights to be free from unlawful arrest, seizure, and excessive force.

42. The Defendant City also failed to train its officers that if they see other officers engaged in misconduct/unlawful activity, such as the unlawful use of force and inhibiting the exercise of free speech, protest, and assembly in this matter, they must intervene to prevent it.

43. The Defendant City's failure to train its officers has been highlighted in the past year with numerous reports of aggressive police responses to protests across the country and in New York City.

44. City of New York and the NYPD, including its Police Chief and superior officers, created a tacit policy and custom of permitting the Defendant-Officers' unlawful actions to continue with their imprimatur and approval.

45. Upon information and belief, Defendant-Officers were not trained, provided additional supervision or additional monitoring of their performance specifically to prevent the unlawful use of force upon Plaintiff and violate his rights.

**CAUSES OF ACTION**
FIRST CAUSE OF ACTION
Excessive Force/Unlawful Use of Force

46. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

47. Defendant police officers used unreasonable, unlawful and excessive force against Plaintiff, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. § 1983, NYS Constitution, New York State laws, and the common laws of New York.

48. Defendants' actions were without any legal justification, and the force used upon Plaintiff was excessive and unwarranted. Defendants' use of force against Plaintiff was not justified.

49. Plaintiff was also struck with batons, dragged and shoved to the ground by the named officers.

50. Plaintiff was beaten and punched repeatedly in the face by multiple Police Officers, including Defendant Police Officer McNamara, Officer O'Brien, and Lt. Egan, while other police officers just stood by and watched.

51. None of the police officers nearby intervened when multiple police officers piled upon Plaintiff and beat him with excessive force, as is their duty.

52. As a direct and proximate result of each Defendants' acts and/or omissions, Plaintiff suffered and continues to suffer significant severe physical and emotional injuries.

53. As a direct and proximate result of the above unlawful conduct, Plaintiff was caused to suffer personal injuries, violation of his rights under Federal, State, and common law, rights to be free from unlawful use of force, assault, and battery, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

54. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND CAUSE OF ACTION
### Assault and Battery

55. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

56. Defendants approached Plaintiff and struck him repeatedly with their fists and batons.

57. Defendants approached Plaintiff in an aggressive and hostile manner, causing him to fear for his safety and be apprehensive of the bodily harm inflicted upon him by the Defendants.

58. Defendants also used unlawful force upon Plaintiff, including striking him with incredible force such that he suffered serious physical and psychological injuries.

59. Defendants' use of force against Plaintiff was not justified because he was lawfully and peacefully protesting, as is his constitutional right to do.

60. As a result of Defendants' unlawful conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

### THIRD CAUSE OF ACTION
### Violation of Right to Free Speech, Assembly, and Expression, and Retaliation

61. Plaintiff repeat and reallege each and every Paragraph as if fully set forth herein.

62. Defendants-Officers were in uniform and acting under color of law when they engaged in the aforementioned conduct.

63. The Defendants visited brutal violence upon Plaintiff simply because he was exercising his rights under the United States and New York Constitutions of Expression, Speech and Assembly.

64. The Defendants sought to inhibit his speech, assembly, and expression because they did not like his protest against police violence and used violence against him to inhibit same.

65. As police officers, Defendants had the aim of inhibiting the exercising of Plaintiff's rights, discouraging same, and inflicting physical harm upon him so that he would not continue to engage in conduct protected by the first amendment.

66. Defendants retaliated against Plaintiff for exercising his first amendment rights by using unlawful force against him, and the City failed to hold officers accountable who engaged in the acts or omission complained herein, sanctioning continued behavior in violation of or consistent with NYPD policies and practices and also arresting Plaintiff.

67. Defendants succeeded in their violation of Plaintiff's rights to speech, assemble, and protest when they caused him significant injuries that inhibited his ability to exercise these rights.

68. As a result of Defendants' unlawful conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CAUSE OF ACTION
*Monell* Liability/Respondeat Superior/Failure to Supervise/Failure to Monitor/Negligent Hiring/Retention/Training/Failure to Protect

69. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

70. The City of New York, via the NYPD, has effectively ratified the misconduct of the Defendant-Officers. The violation of Plaintiff's Federal, State, and common law rights and resulting injuries were further directly, foreseeably, proximately, and substantially caused by conduct chargeable to the City of New York.

71. Defendant City of New York and the NYPD maintained a policy whereby, upon information and belief, they failed to meaningfully investigate IA and CCRB complaints, if they investigated them at all, thereby creating a policy and custom whereby officers felt that they could violate the rights of citizens with impunity and they would not be held accountable, particularly in the case of the Defendant-Officers.

72. Defendants used unlawful and significant force upon Plaintiff constituting improper, unlawful, and excessive use of force.

73. The City of New York and the NYPD are liable for the conduct of the Defendant Officers pursuant to respondeat superior as Defendant-Officers were acting within the scope of their employment, in furtherance of their job duties and on behalf of the City of New York when they engaged Plaintiff and committed the acts complained of herein.

74. In addition, the City of New York and the NYPD and the Defendant-Officers acted under color of law pursuant to an official policy or custom and practice of the NYPD whereby the use of unlawful and excessive force was permitted, tolerated, and condoned, and intentionally, knowingly, recklessly or with deliberate indifference failed to properly and adequately control, monitor, and discipline on a continuing basis their employees, agents

and/or servants and/or otherwise failed to prevent the individual Defendants from unlawfully using excessive force upon Plaintiff and violating his rights to protest and free speech.

75. Defendants City of New York, and its policy makers, including the Mayor and the Chief of Police, ratified the conduct of the Defendants officers by encouraging, permitting, and condoning using unlawful violence to quell protected protests and speech that they disagreed with, namely the protest against police violence.

76. The City of New York and NYPD also failed to protect Plaintiff and provide a safe opportunity for him to exercise his rights. Rather, the City of New York made it impossible for Plaintiff to exercise his rights as described herein.

77. As a direct and proximate result of the above-described impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of their civil rights, as well as State and common law rights, emotional distress, anguish, anxiety, fear, humiliation and loss of freedom.

78. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

FIFTH CAUSE OF ACTION
Failure to Intervene

79. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

80. Each of the Defendant-Officers engaged in the use of excessive force and assault of the Plaintiff.

81. While each Defendant-Officer was engaged in the use of excessive force and the violation of Plaintiff's rights as alleged herein, those who were not using force against Plaintiff failed

to intervene to prevent the use of excessive force in violation of Plaintiff's rights, despite having an opportunity to do so.

82. The Defendant-Officers watched as Plaintiff was unlawfully subjected to excessive, unnecessary, and unlawful force.

83. Each Defendant had an opportunity to intervene as the use of excessive, unnecessary and unlawful force was being deployed against Plaintiff in front of them and within their immediate area. Each Defendant failed to instruct other officers not to use force or physically restrain the officers from using force.

84. Rather than intervene to stop the use of excessive force and the violation of Plaintiff's rights as alleged in this Complaint and as the law requires, the Defendant officers did nothing and, upon information and belief, then attempted to conceal the use of excessive force by making false statements about what occurred in seeking to justify the unlawful use of force.

85. As a direct and proximate result of the above conduct, Plaintiff suffered personal injuries, violation of his common law, State law and civil rights, emotional distress, anguish, anxiety, fear, humiliation and loss of freedom.

86. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

SIXTH CAUSE OF ACTION
Unlawful Arrest, False Arrest, Unlawful Search and Seizure

87. Plaintiff repeats and realleges each and every Paragraph as if fully set forth herein.

88. Defendant-Officers engaged in an unlawful arrest and seizure of Plaintiff.

89. Each Defendant-Officer detained and arrested Plaintiff without probable cause to do so and filed false charges against him.

90. Each Defendant seized Plaintiff without any probable cause or legal justification to do so.

91. At no time did Plaintiff consent to his detainment.

92. No Defendant obtained a warrant for Plaintiff's arrest, and nor did they have any legal justification to stop, seize, detain, arrest, or prosecute Plaintiff.

93. Plaintiff did not consent to the unlawful arrest and seizure.

94. Defendant police officers filed several false charges against plaintiff in order to cover up their misconduct.

95. The false charges filed against Plaintiff were dismissed in Plaintiff's favor.

96. As a direct and proximate result of the above impermissible conduct, Plaintiff suffered personal injuries, violation of his common law, State law, and civil rights, emotional distress, anguish, anxiety, fear, humiliation and loss of freedom.

97. As a result of Defendants' unlawful conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

**WHEREFORE,** Plaintiff demands that judgment be entered against the Defendants, jointly and severally, for:

(a) any and all damages sustained by the Plaintiff arising from the foregoing wrongful and unlawful acts of the Defendants;

(b) punitive damages against the individual Defendant-Officers where permissible by law;

(c) interest, both pre-judgment and post-judgment;

(d) a declaration that Defendant's violated the rights of Plaintiffs;

(e) an Injunction/Order prohibiting the Defendants from violating the rights of protesters, and amending their policies to inhibit the violation of rights as alleged herein;

(f) appointing a receiver to monitor and implement changes to protect the Constitutional rights of Plaintiff and others similarly situated.

(g) attorney's fees and costs; and

(h) Grant such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

## JURY DEMAND

Plaintiff demands a trial by jury in this action for all issues triable by a jury.

Dated: June 18, 2021

Respectfully submitted,
The Aboushi Law Firm PLLC
s/Aymen A. Aboushi
Aymen A. Aboushi, Esq.
The Aboushi Law Firm
1441 Broadway, 5th Floor
New York, NY 10018
Tel: (212) 391-8500
Fax: (212) 391-8508
*Attorneys for Plaintiff*