UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NOEL MOORE,    **FIRST AMENDED COMPLAINT**

**21 cv 6600 (ALC) (KHP)**

**ECF Case**

Plaintiff,

vs.

The CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICERS
DANIEL DOMARECKI, WARREN SAVAGE,    **JURY TRIAL DEMANDED**
GISELLE RODRIGUEZ, ADAM MELLUSI,
ALEXANDER BUSTAMONTE,
JOEL MARTINEZ, JOHN DOE,
in their individual and official capacities,

Defendants.
------------------------------------------------------------x

Plaintiff Noel Moore, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Noel Moore ("Moore" or "Plaintiff") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for First Amendment retaliation, false arrest, excessive force, failure to intervene, and a *Monell* claim against the City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous claims under New York Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages,

1

costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. The individually named defendants – defendants Daniel Domarecki (Shield # 10065), Warren Savage (Shield # 3257), Giselle Rodriguez (Shield #25639), Adam Mellusi, Joel Martinez (Shield # 15116), Alexander Bustamonte (Shield # 3890), John

Doe (collectively, the "individual defendants") – are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD Strategic Response Group.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment have been neglected or refused.

11. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

12. On June 1, 2020, in the aftermath of George Floyd's murder in Minneapolis, Plaintiff Noel Moore peacefully protested against police brutality in Midtown Manhattan.

13. At approximately 8:30 p.m., as Plaintiff walked on 51st Street near Radio City Music Hall, officers from the NYPD Strategic Response Group ("SRG") placed

3

barricades around Plaintiff and other protestors, and began arresting numerous protestors, including Plaintiff.

14. Many SRG officers charged at protestors and rammed their bicycles into protestors.

15. Defendant Mellusi suddenly grabbed Plaintiff and brought him to the ground.

16. When grabbed, Plaintiff told the officer that he had not done anything wrong.

17. A group of four other officers from the Strategic Response Group – Defendants Rodriguez, Martinez, Bustamonte, and John Doe – came over and struck Plaintiff on the ground, tasered him, and violently arrested him, tightly handcuffing him behind his back.

18. Plaintiff had done nothing unlawful or suspicious while protesting.

19. When Plaintiff complained that his handcuffs were too tight, Officer Domarecki intentionally stepped on Plaintiff's handcuffed hands and wrists.

20. The officers' collective brutality resulted in substantial pain and injuries to Plaintiff's back, hands, wrists, ribs, legs, mouth, neck, and head.

21. Plaintiff asked the individual defendants for medical attention due to his injuries, but they ignored his request.

22. After sitting on the ground in pain, Plaintiff was transported in a van to One Police Plaza in lower Manhattan, where he was fingerprinted, photographed, and detained in holding cells.

23. At approximately 3:20 a.m., Plaintiff's Arresting Officer – Defendant Officer Savage – issued Plaintiff a Desk Appearance Ticket (Serial # 018-00327) that falsely

charged Plaintiff with Obstruction of Governmental Administration, and ordered Plaintiff to appear in Manhattan Criminal Court on September 23, 2020.

24. Plaintiff later received a letter in the mail informing him that the New York County District Attorney's Office declined to prosecute his case.

25. Because of the brutality he endured while protesting on June 1, 2020, Plaintiff did not participate in any other protests.

26. As a result of the above-described conduct of the individual defendants, Plaintiff suffered substantial pain and physical injury for which he required medical treatment.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

27. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

28. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

29. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First and Fourth Amendments of the United States Constitution.

**NYPD'S CHAOTIC AND BRUTAL RESPONSE TO PROTESTORS**

30. When peaceful protestors marched, chanted, mourned, performed, and danced on the streets of New York City after the murder of George Floyd in the summer of 2020, the NYPD sought to quash the protests.

31. Police in riot gear surrounded and trapped peaceful protestors; provoked and attacked protestors with batons and pepper spray; handcuffed peaceful protestors with extremely tight handcuffs; and detained them in crowded, unventilated conditions during the COVID-19 pandemic.

32. Throughout the City, NYPD officers assaulted and arrested individuals who were protesting against police brutality precisely because they were protesting against police brutality.

33. The NYPD utilized a policy throughout the City of surrounding, charging, and arresting peaceful protestors – a tactic known as "kettling."

34. As they surrounded and approached the protestors, NYPD officers covered their shield numbers and turned off their body cameras.

35. The NYPD's attitude toward the peaceful protestors' message was expressed by NYPD Commissioner Shea who, in a press briefing on June 4, 2020, condemned the "hateful" rhetoric against the NYPD.  "You look at the anti-police rhetoric, it disgusts me to my core," he stated.

36. On June 5, 2020, the New York Times reported:  "In the past several days, New York Times journalists covering the protests have seen officers repeatedly charge at demonstrators after curfew, with seemingly little provocation, shoving them onto sidewalks, striking them with batons, and using other rough tactics."

37. In July 2020, the New York State Office of the Attorney General ("AG") issued a preliminary report on the NYPD's response to the George Floyd protests – *Preliminary Report on the New York City Police Department's Response to the Demonstration's Following the Death of George Floyd*.  The AG Report documented a numerous allegations of excessive force, kettling, and brutal mass arrest tactics by NYPD officers against protestors.

38. In December 2020, the New York City Department of Investigation ("DOI") issued a report examining the NYPD's conduct in response to the protests – *Investigation into NYPD Response to the George Floyd Protests*.

39. The DOI Report found that the NYPD lacked a "clearly defined strategy," and according to the DOI, this deficiency – and its attendant ills such as insufficient staffing, insufficient training, overwhelmed and exhausted front-line officers – contributed to provocation, aggression, and violence among officers.

40. Exacerbating the conditions for poor judgment is the NYPD's lack of policies and procedures specific to policing protests.

41. The DOI Report also found:  "NYPD's Use of Force and Control Tactics to Respond to the Floyd Protests Produced Excessive Enforcement That Contributed to Heightened Tensions."

42. Indeed, the NYPD regarded innocent Floyd protestors as criminals or sub-human; hence the thousands of images and of videos online that depict the hateful brutalization of crowds by police officers.

43. According to the DOI Report, approximately 2,047 people were arrested during the protests between May 28 and June 5, 2020.

44. The AG Report, DOI Report, as well as a September 2020 Human Rights Watch report and numerous federal lawsuits filed following the 2020 protests, document the NYPD's policy and practice of violently suppressing First Amendment expression using excessive force and mass arrests.

45. NYPD leadership and policymakers knew the NYPD has had historic problems with policing protests – such as the Republican National Convention in 2004 – yet still failed to adequately prepare its officers to respond to the 2020 protests, failed to prevent its officers from misbehaving, and failed to discipline officers who engaged in misconduct.

46. Numerous lawsuits arising out of the summer 2020 protests have challenged the NYPD's misconduct, including *Payne et al. v de Blasio et al.,* No. 20-cv-8924 (SDNY), *Gelbard et al. v. City of New York et al.*, 20-cv-3163 (EDNY), *Sierra et al. v. City of New York et al.*, 20-cv-10291 (SDNY), *Jeffrey v. City of New York et al.*, 20-cv-2843 EDNY), *People of the State of New York v. City of New York et al., 21-cv-322* (SDNY), *Wood et al. v. City of New York et al.,* 20-cv-10541 (SDNY), and *Sow et al. v. City of New York et al.*, No. 21-cv-533 (SDNY). Plaintiff hereby incorporates the factual allegations in the operative pleadings into this document by reference.

47. Numerous articles have demonstrated the NYPD's militarized and confrontational approach toward peaceful protestors – an approach exemplified by the Strategic Response Group. *See e.g.* "How an NYPD Anti-Terror Squad Became A Tool For Cracking Down On Protests," by Jeff Offenharz; February 19, 2021; available at: https://gothamist.com/news/how-elite-anti-terror-squad-transformed-nypds-approach-protest-policing.

**DAMAGES**

48. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages in a sum exceeding the jurisdiction of all lower courts:

   a. Violation of his constitutional rights under the First and Fourth Amendments of the United States Constitution;

   b. Violation of his constitutional rights under the New York State Constitution;

   c. Loss of liberty;

   d. Physical injury;

   e. Emotional distress, degradation, and suffering.

**CAUSES OF ACTION**

**FIRST CLAIM**

**False Arrest Under Section 1983**

49. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from false arrest.

51. As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Excessive Force Under Section 1983

53. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

55. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### First Amendment Retaliation Under Section 1983

56. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

57. By the actions described, the individual defendants violently arrested Plaintiff because he lawfully exercised his First Amendment right to criticize police officers in a public place. In doing so, the individual defendants chilled Plaintiff's First Amendment rights.

58. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Failure to Intervene Pursuant to 42 U.S.C. Section 1983
### Against the Individual Defendants

59. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

60. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

61. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

62. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Municipal Liability Under Section 1983

63. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

64. All of the wrongful acts or omissions complained of herein were carried out by the individual defendants pursuant to: (1) formal policies, rules, and procedure of Defendant City; (2) actions and decisions by Defendant City's policymaking agents including, but not limited to, Mayor Bill de Blasio and Commission Shea; (3) customs,

11

practices, and usage of the NYPD that are so widespread and pervasive as to constitute *de facto* policies accepted, encouraged, condoned, ratified, sanctioned and/or enforced by Defendant City; (4) Defendant City's deliberate indifference to Plaintiff's rights secured by the First and Fourth Amendments of the United States Constitution, as evidenced by the City's failure to train, supervise, and discipline NYPD officers despite full knowledge of the officers' wrongful acts, as described herein.

65. As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

### FIRST CLAIM

**False Imprisonment under N.Y. State Law**

66. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

67. The individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, and without privilege or consent.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

**Battery Under N.Y. State Law**

69. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

70. As detailed above, the individual defendants intentionally touched Plaintiff in an offensive and harmful manner, and they intentionally subjected him to offensive and harmful contact.

71. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law Against Defendant City of New York**

72. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

73. Defendant City owed a duty of care to Plaintiff to prevent the Constitutional violations sustained by Plaintiff.

74. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

75. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

76. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

*Respondeat Superior*
**Against Defendant City of New York**

77. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

78. Defendant City of New York employed all of the individual defendants at the time of the incident.

79. At the time of the incident, all of the individual defendants were acting in the scope of their employment with the City of New York.

80. During the commission of the incident in question, all of the individual defendants were working in furtherance of their employment with the City of New York.

81. Under the doctrine of *respondeat superior*, the City of New York is responsible for the wrongdoing of its employees acting within the scope of their employment.

82. The plaintiff is entitled to compensatory damages from the City of New York in an amount to be determined at trial, together with attorneys' fees and costs.

83. As a direct and proximate result of the acts of the New York City employees detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Noel Moore in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. A court order, pursuant to 42 U.S.C. Section 1988, that Plaintiff is entitled to reasonable attorney's fees, costs, and disbursements;

      d.    Such other and further relief as this Court deems appropriate.

DATED:    New York, New York
               February 15, 2022

                                              CYRUS JOUBIN, ESQ.
                                              43 West 43rd Street, Suite 119
                                              New York, NY 10036
                                              Tel: (347) 223-4296
                                              Fax: (718) 228-7679
                                              joubinlaw@gmail.com
                                              Attorney for Noel Moore